IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 2:22-cv-131-KS-MTP |
| v. | ) ) | COMPLAINT |
| TRACTOR SUPPLY COMPANY | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Titles I and V of the Americans with Disabilities Act of 1990, as amended ("ADA") and Title I of the Civil Rights Act of 1991, against Defendant Tractor Supply Company. This action is brought to correct employment practices that are unlawful under the ADA and to provide appropriate relief to Jane Doe, a pseudonymous charging party who was born with a disability, human immunodeficiency virus ("HIV") infection and was adversely affected by Defendant's unlawful employment practices.[1] As alleged with greater particularity below, Defendant obtained Doe's confidential medical information through a disability-related inquiry and repeated questioning and then unlawfully disclosed that confidential medical information to persons to whom the ADA does not permit disclosure; Defendant subjected Doe to a hostile work environment characterized by severe and pervasive harassment of Doe by managers, co-workers, and customers based on her disability or perceived disability; Defendant retaliated against Doe when she complained about these unlawful employment practices; and Defendant terminated Doe because of her disability

---

[1] Plaintiff will file a motion seeking protection for Doe's identity, asking that all publicly available pleadings, motions, docket entries, and other written materials filed in this case use her pseudonym. Defendant Tractor Supply Company knows Jane Doe's identity, as is explained below.

of perceived disability and as retaliation for her complaints and her filing of an EEOC charge against Respondent.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Mississippi.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Titles I and V of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Tractor Supply Company has continuously been doing business in Mississippi and has continuously had at least 15 employees.

5. At all relevant times, Defendant Tractor Supply Company has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

6. At all relevant times, Defendant Tractor Supply Company has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Jane Doe filed charges with the Commission alleging violations of Titles I and V of the ADA by Defendant Tractor Supply Company.

    a. Jane Doe filed charge number 423-2018-01870 with the Commission on June 27, 2018.

    b. The Commission served charge number 423-2018-01870 on Defendant Tractor Supply Company on July 3, 2018.

    c. Defendant Tractor Supply Company reviewed charge number 423-2018-01870 on July 3, 2018.

    d. Jane Doe filed charge number 423-2018-02054 with the Commission on July 12, 2018.

    e. The Commission served charge number 423-2018-02054 on Defendant Tractor Supply Company on July 17, 2018.

    f. Defendant Tractor Supply Company reviewed charge number 423-2018-02054 on July 18, 2018.

    g. Jane Doe filed both charges using her own name, not a pseudonym. Defendant Tractor Supply Company therefore knows her identity.

8. On January 21, 2022, the Commission issued to Defendant Tractor Supply Company a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. In its efforts to conciliate, the Commission engaged in communications with Defendant to provide it with the opportunity to remedy the discriminatory practices described in the

Letter of Determination. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On April 11, 2022, the Commission issued to Defendant Tractor Supply Company a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since at least on or around April 1, 2018, Defendant Tractor Supply Company engaged in employment practices that are unlawful under the ADA, in violation of Sections 102(a) and 102(d)(4)(C) of Title I of the ADA and Section 503 of Title V of the ADA, 42 U.S.C. §§ 12112(a), 12112(d)(4)(C), 12203(a).

13. Defendant Tractor Supply Company hired Jane Doe to work as a part-time "Team Member" in its Laurel, Mississippi store on or around November 22, 2017.

14. Defendant Tractor Supply Company promoted Jane Doe to work as a full-time "Team Leader" in its Hattiesburg, Mississippi store in or around early April 2018.

15. Jane Doe is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).

   a. Jane Doe has an impairment, HIV infection, that substantially limits the major life activity of immune function.

   b. Defendant Tractor Supply Company also mistakenly regarded Jane Doe as having another impairment, acquired immunodeficiency syndrome ("AIDS").

   c. Jane Doe was qualified to work as a Team Member, since she could perform all the essential functions of that position.

    d.    Jane Doe was qualified to work as a Team Leader, since she could perform all the essential functions of that position.

16.    Defendant Tractor Supply Company obtained confidential medical information about Doe's impairment through a disability-related inquiry and persistent questioning of Jane Doe by its Store Manager for its Laurel, Mississippi store (the "Laurel Store Manager") in December 2017, when the Laurel Store Manager refused to accept Jane Doe's explanation for being unavailable to work due to previously-scheduled medical appointments and tests.

17.    After the Laurel Store Manager would not accept her explanation for being unable to work on the days of her scheduled medical appointment and tests, Jane Doe was forced to disclose her confidential medical information to the Laurel Store Manager to stop the persistent inquiries. .

18.    At least since early April 2018, Defendant Tractor Supply Company disclosed Jane Doe's confidential medical information to persons to whom the ADA does not permit disclosure.

    a.    Defendant made the unlawful disclosures through the Laurel Store Manager and other members of management.

    b.    The Laurel Store Manager disclosed Jane Doe's confidential medical information to her husband, who worked for Defendant Tractor Supply Company in its Hattiesburg store.

    c.    The Laurel Store Manager disclosed Jane Doe's confidential medical information to another Team Leader in Defendant Tractor Supply Company's Hattiesburg store.

    d.    The Laurel Store Manager disclosed Jane Doe's confidential medical information to at least one other person employed by Defendant Tractor Supply Company in its Hattiesburg store.

  e. The Laurel Store Manager disclosed Jane Doe's confidential medical information to at least one customer (i.e. a member of the public).

  f. Defendant Tractor Supply Company's managers and employees in its Hattiesburg store further spread Jane Doe's confidential medical information to other managers, employees, and customers.

  g. Shortly after Jane Doe began working in Defendant Tractor Supply Company's Hattiesburg store, she learned that managers, co-workers, and customers there knew her confidential medical information.

19. At least since early April 2018, Defendant Tractor Supply Company subjected Jane Doe to a hostile work environment based on her actual or perceived disability.

  a. Defendant Tractor Supply Company's managers and employees harassed Jane Doe by calling her a "contagion" or "contamination" of the Hattiesburg store.

  b. Defendant Tractor Supply Company's managers and employees harassed Jane Doe by going out of their way to avoid her due to unfounded fears of HIV transmission.

  c. Defendant Tractor Supply Company's managers and employees harassed Jane Doe by commenting that the Hattiesburg store needed to be "under quarantine" due to Doe's presence there.

  d. Defendant Tractor Supply Company's managers harassed Jane Doe by unjustifiably disciplining her because of her actual or perceived disability.

  e. Defendant Tractor Supply Company's managers harassed Jane Doe by telling her that her actual or perceived disability "made everybody highly uncomfortable."

  f. Defendant Tractor Supply Company caused or permitted harassment of Jane Doe by its customers, who asked Doe about her private medical information while she worked.

g. When Jane Doe complained of the harassment to which she had been subjected, Defendant Tractor Supply Company failed to conduct an adequate investigation of her complaints, did not discipline the harassers, and permitted further harassment of Doe because of her actual or perceived disability.

20. At least since early May 2018, Defendant has retaliated against Jane Doe for complaining about Defendant Tractor Supply Company's unlawful employment practices.

a. In early May 2018, Jane Doe told Defendant Tractor Supply Company's Store Manager for its Hattiesburg store (the "Hattiesburg Store Manager") that the Laurel Store Manager needed to be educated on the ADA, since she had unlawfully disclosed Doe's confidential medical information.

b. On May 10, 2018, the Hattiesburg Store Manager disciplined Jane Doe in writing without proper justification.

c. On May 16, 2018, Jane Doe complained to the Defendant Tractor Supply Company's District Manager with responsibility over the Hattiesburg Store that Defendant was subjecting her to a hostile work environment because of her actual or perceived disability.

d. On May 21, 2018, the Hattiesburg Store Manager again disciplined Jane Doe in writing without proper justification. Other employees were similarly situated to Doe but not disciplined.

e. On June 6, 2018, the Hattiesburg Store Manager again disciplined Jane Doe in writing without proper justification.

f. On June 18, 2018, Jane Doe contacted the EEOC about Defendant Tractor Supply Company's violations of the ADA.

g. Around this time, Jane Doe asked certain co-workers to provide written statements concerning any discriminatory or retaliatory actions that they had witnessed.

  h. On June 19, 2018, Defendant Tractor Supply Company required Jane Doe to meet with the Hattiesburg Store Manager and a senior human relations manager, who verbally disciplined Doe for soliciting witness statements.

  i. On June 27, 2018, Jane Doe sent an email to Respondent's "HR President" complaining about Respondent's unlawful actions.

  j. Later on the same date, June 27, 2018, Jane Doe was issued a "final warning" in writing without proper justification.

  k. On July 3, 2018, Defendant Tractor Supply Company received notice that Jane Doe had filed a charge with the Commission.

  l. On July 10, 2018, Defendant Tractor Supply Company terminated Jane Doe's employment.

21. Defendant Tractor Supply Company terminated Jane Doe's employment in retaliation for engaging in activity protected by the ADA and because of Doe's actual or perceived disability.

22. The effect of the practices complained of above has been to deprive Jane Doe of equal employment opportunities and otherwise adversely affect her status as an employee because of her actual or perceived disability.

23. The unlawful employment practices complained of above were intentional.

24. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Jane Doe.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

  a. Grant a permanent injunction enjoining Defendant Tractor Supply Company, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from disclosing confidential medical records of current or former employees to persons to whom

the ADA does not permit disclosure, subjecting employees with an actual or perceived disability to a hostile work environment, retaliating against applicants or employees who have engaged in activity protected by the ADA, or terminating employees because of their actual or perceived disability.

b. Order Defendant Tractor Supply Company to institute and carry out policies, practices and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

c. Order Defendant Tractor Supply Company to make Jane Doe whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

d. Order Defendant Tractor Supply Company to make Jane Doe whole by providing compensation for any past and future pecuniary losses, including medical expenses and job search expenses, if any, resulting from the unlawful employment practices described above, in amounts to be determined at trial.

e. Order Defendant Tractor Supply Company to make Jane Doe whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described above including, but not limited to, emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

f. Order Defendant Tractor Supply Company to pay Jane Doe punitive damages for the malicious and reckless conduct described above, in amounts to be determined at trial.

g. Order Defendant Tractor Supply Company to provide Jane Doe appropriate equitable relief, in the form of reinstatement or an appropriate award of front pay in lieu thereof.

h. Grant such further relief as the Court deems necessary and proper in the public interest.

i. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                Gwendolyn Young Reams
                Acting General Counsel

                EQUAL EMPLOYMENT
                OPPORTUNITY COMMISSION
                131 M Street, NE
                Washington, DC 20507

                */s/ Marsha Lynn Rucker*
                Marsha Lynn Rucker (PA 90041)
                Regional Attorney

                EQUAL EMPLOYMENT
                OPPORTUNITY COMMISSION
                Birmingham District Office
                Ridge Park Place, Suite 2000
                1130 22nd Street South
                Birmingham, Alabama 35205
                Tel.: (205) 651-7045
                marsha.rucker@eeoc.gov