IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION                                    PLAINTIFF

V.                                              CIVIL ACTION NO. 2:22cv131-KS-MTP

TRACTOR SUPPLY COMPANY                                                     DEFENDANT

**AMENDED CASE MANAGEMENT ORDER**

This Order, including all deadlines, has been established with the participation of all parties and can be modified only by order of the court on a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record.

**IT IS HEREBY ORDERED:**

1. **ESTIMATED DAYS OF TRIAL:**        3-5

    **ESTIMATED TOTAL NUMBER OF WITNESSES:**        10-15

    **EXPERT TESTIMONY EXPECTED**:    Yes    **NO. OF EXPERTS**   2-4

2. **ALTERNATIVE DISPUTE RESOLUTION [ADR].**

        X        A.  Alternative dispute resolution techniques appear helpful and will be used in this civil action as follows:

                    Private mediation or a settlement conference with the court is required in this matter. The parties are to schedule and complete same by the discovery deadline.

    _____        B.  At the time this Case Management Order is offered it does not appear that alternative dispute resolution techniques will be used in this civil action.

3. **CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE.**

    _____        A.  The parties consent to trial by a United States Magistrate Judge.

        X        B.  The parties do not consent to trial by a United States Magistrate Judge.

4. **DISCLOSURE.**

   __X__    A.  The pre-discovery disclosure requirements of L.U.Civ.R.26(a)(1) have been complied with fully by Defendant.

   __X__    B.  The following additional disclosure is needed and is hereby ordered: Plaintiff did not serve its initial disclosures prior to the conference as ordered. Plaintiff's initial disclosures shall be served on or before February 16, 2023.

5. **MOTIONS; ISSUE BIFURCATION.**

      _____    A.  The court finds and orders that filing of the following motion(s) might significantly affect the scope of discovery or otherwise expedite the resolution of this action.

      __X__    B.  The court finds and orders that staged resolution, or bifurcation of the issues for trial in accordance with Fed.R. Civ. P. 42(b),

          _____    (1) May assist in the prompt resolution of this action.

          __X__    (2) Will not assist in the prompt resolution of this action.

6. **DISCOVERY PROVISIONS AND LIMITATIONS.**

    A. Interrogatories are limited to __30__ succinct questions.

    B. Requests for Production are limited to __30__ succinct questions.

    C. Requests for Admissions are limited to __30__ succinct questions.

    D. Depositions are limited to the parties, experts, and no more than __15__ fact witnesses per party without additional approval of the court.

    E. The parties have <u>not</u> complied with the requirements of Local Rule 26(f)(2)(B) regarding discovery of electronically stored information.

    While discovery of electronically stored information ("ESI") is anticipated in this case, the parties were not prepared to fully address ESI issues at the conference and did not have agreed or proposed ESI protocols, limitations, or parameters to propose to the court. On or before February 13, 2023, the parties shall submit their proposed ESI protocols or agreements to the court. If there is no agreement, the court will enter its own protocols or limitations.

    F. The court imposes the following discovery provisions or limitations as agreed by the parties:

Pursuant to Fed.R.Evid. 502(d), the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

The court desires to avoid the necessity of filing written discovery motions where court participation in an informal discussion of the issue might resolve it, even after the parties have been unsuccessful in a good faith attempt to do so. Consequently, before a party may serve any discovery motion, counsel must first confer in good faith as required by F.R.Civ.P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by F.R.Civ.P. 16(b)(3)(B)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

The defendant shall not contact or subpoena a prospective or current employer to discover information about the plaintiff's claims without first providing the plaintiff reasonable notice and an opportunity to file a motion for a protective order or a motion to quash such subpoena. Absent urgent or necessitous circumstances, 7 days constitutes reasonable notice under this provision. If such a motion is filed, contact will not be initiated or the subpoena will not be served until the motion is ruled upon. The parties agree to make good faith efforts to expedite the process of filing, briefing, and responding to motions to quash and/or for protective orders under this provision as necessary.

7. **Scheduling Deadlines.**

   A. **Trial.** This matter is set for trial on March 4-15, 2024 before Senior District Judge Keith Starrett in Hattiesburg, Mississippi.

   ANY CONFLICTS WITH THIS TRIAL DATE MUST BE SUBMITTED IN WRITING TO THE TRIAL JUDGE IMMEDIATELY UPON RECEIPT OF THIS CASE MANAGEMENT ORDER.

   This is a        __X__ Jury Trial        _____ Non-Jury Trial

   B. **Pretrial.** The pretrial conference is set on: February 22, 2024 before Senior District Judge Keith Starrett in Hattiesburg, Mississippi.

   C. **Discovery.** All discovery shall be completed by: October 2, 2023

D. **Amendments.** Motions for joinders of the parties or amendments to the pleadings must be filed by: March 10, 2023.

E. **Experts.** The parties' experts, if any, shall be designated by the following dates:

   1. Plaintiff: June 30, 2023

   2. Defendant: August 1, 2023

F. **Motions.** All dispositive motions and *Daubert*-type motions challenging another party's expert must be filed by: October 16, 2023. The deadline for motions *in limine* is twenty-one days before the pretrial conference; the deadline for responses is fourteen days before the pretrial conference.

G. **Settlement Conference.** See paragraph 2 above.

H. **Report Regarding ADR.** On or before February 15, 2024 (7 days before the final pre-trial conference), the parties must report to the undersigned all ADR efforts they have taken to comply with the Local Rules or provide sufficient facts to support a finding of just cause for failure to comply. *See* L.U.Civ.R. 83.7(f)(3).

**SO ORDERED** this the 16th day of February, 2023.

s/Michael T. Parker  
UNITED STATES MAGISTRATE JUDGE